UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

     v.                              Case No. 18-CR-131

NEIL A. HARKNESS,

        Defendant.

## ORDER DENYING MOTION TO BE RELEASED TO HOME CONFINEMENT

Neil A. Harkness was convicted of Fraud by Wire, Radio, or Television, contrary to 18 U.S.C. § 1343, and sentenced to 24 months in the Bureau of Prisons, 3 years of supervised release, and restitution in the amount of $219,057. Judgment was entered on April 10, 2019.

On June 19, 2020, Harkness filed a motion seeking release directly to home confinement on or before August 26, 2020, instead of placement at a half-way house in Columbus, Ohio, as currently planned by the Bureau of Prisons. Harkness cites no medical issues supporting a motion for compassionate release but indicates that he will be able to self-quarantine and keep himself and others safe from the COVID-19 virus at the Beavercreek, Ohio residence previously inspected for his anticipated release.

As applicable here, § 3582(c)(1)(A)(i) authorizes a sentencing court to reduce a defendant's sentence upon a finding that "extraordinary and compelling reasons warrant such a reduction." The statute requires that before the sentencing court acts, however, the defendant must first exhaust all administrative rights to appeal a failure of the Bureau of Prisons (BOP) to bring such a motion on his behalf. A defendant may file a request with the court only after the earlier of such full

exhaustion or 30 days from the receipt of such request by the warden of the facility in which the defendant his held.

Harkness' motion is denied for two reasons. First, the court denies his motion because he has failed to indicate that he has exhausted his administrative remedies. Exhaustion is an important requirement because the facility in which the defendant is held is in a much better position than the sentencing court to assess both the defendant's current health condition and the risk to the defendant as a result of the conditions at the prison or facility where the defendant is housed. In the interests of judicial economy and efficiency, requiring defendants to address their requests first to the warden and BOP makes sense.

Second, Harkness cites no medical condition or extraordinary or compelling reasons to commute his sentence to time served. The motion is, therefore, DENIED.

Dated at Green Bay, Wisconsin this 2nd day of July, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge